# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL ANDRES WYNTER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF ATWATER USP,<br><br>    Respondent. | Case No. 1:15-cv-00036-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## I.

## BACKGROUND

Petitioner is presently incarcerated at the United States Penitentiary Atwater, in Atwater, California. (Pet., ECF No. 1). On January 2, 2015, Petitioner filed the instant federal petition, in which he challenges his conviction in the United States District Court for the Southern District of Florida for conspiracy to possess 5 kilograms or more of cocaine and 1 kilogram or more of heroin with the intent to distribute those drugs, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession of 5 kilograms or more of cocaine with the intent to distribute it, in violation of

1

§ 841(a)(1); and possession of 1 kilogram or more of heroin with the intent to distribute it, in violation of § 841(a)(1). See United States v. Wynter, 379 Fed. Appx. 841, 842 (11th Cir. 2010).

Following Petitioner's conviction and sentence, he appealed to the Eleventh Circuit Court of Appeals. Id. On May 13, 2010, the Eleventh Circuit affirmed the conviction. Id. Petitioner then filed in the Southern District of Florida a motion to vacate, set aside or correct the sentence with respect to this conviction, pursuant to 28 U.S.C. § 2255. Petitioner's Section 2255 petition was denied on June 21, 2013. (Pet. at 4).[1]

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204

---

[1] Page numbers of the petition refer to the ECF pagination.

1  F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th
2  Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell,
3  37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
4  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921
5  F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir.
6  1987).

7  Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek
8  relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or
9  ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th
10 Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has
11 recognized that it is a very narrow exception.  See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.)
12 (as amended), cert. denied, 540 U.S. 1051 (2003).  The remedy under § 2255 usually will not be
13 deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a
14 remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)
15 (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d
16 at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255
17 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope,
18 229 F.2d 582 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is
19 inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

20 The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241
21 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the
22 crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot'
23 at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954
24 (9th Cir.2000)); see also Stephens, 464 F.3d at 898.  In explaining that standard, the Ninth
25 Circuit stated:

26
> In other words, it is not enough that the petitioner is presently
> barred from raising his claim of innocence by motion under §
27 > 2255. He must never have had the opportunity to raise it by
> motion.
28

1 | Ivy, 328 F.3d at 1060.

2 | In Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, he claims that he is actually innocent because his sentence is contrary to the United States Supreme Court's recent decision in Alleyne v. United States, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In Alleyne, the Supreme Court extended the reach of its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt. Petitioner argues that § 2255 is inadequate and ineffective for gaining relief on his claims, because he did not have an opportunity to raise his Alleyne claims in his first § 2255 petition. The Supreme Court issued its decision in Alleyne on June 17, 2013, which was four days prior to the Southern District of Florida's decision in Petitioner's first § 2255 petition.

However, Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's Alleyne claim presents a purely legal argument that does not suffice to show Petitioner's actual innocence. See Marrero v. Ives, 682 F.3d 1190, 1193-95 (9th Cir. 2012), *cert. denied*, — U.S. —, 133 S.Ct. 1264, 185 L.Ed.2d 206 (2013). The standards announced by the various circuit courts for an "actual innocence" claim contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The decision in Alleyne is not relevant to the issue of whether Petitioner is actually

1 innocent of the crime for which he has been convicted, which is the standard for a claim to
2 qualify under the savings clause. See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).
3 Petitioner argues that this Court should follow the approach of other Circuits in determining
4 whether a sentencing claim qualifies for the "actual innocence" requirement of the savings
5 clause. At the present time, the Ninth Circuit has not held that a petitioner's claim that he is
6 innocent of the sentence qualifies for the savings clause, and therefore, Petitioner cannot avail
7 himself of the savings clause. See Marrero, 682 F.3d at 1194-95. Petitioner has not set forth
8 specific facts not previously presented that make a convincing case that Petitioner did not
9 commit the offense. Petitioner merely argues that he should not have to prove his actual
10 innocence. Therefore, Petitioner's Alleyne claim is not a cognizable claim of actual innocence
11 for the purposes of qualifying under the savings clause to bring a Section 2241 petition. See
12 Marrero, 682 F.3d at 1193-94. Moreover, Alleyne does not apply retroactively to cases on
13 collateral review. See Hughes v. United States, 770 F.3d 814 (9th Cir. 2014).

14 Thus, Petitioner has not satisfied the savings clause, and may not proceed under § 2241. Motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. As this Court is only the custodial court and construes the petition as a §2255 motion, this Court lacks jurisdiction over the petition. See Hernandez, 204 F.3d at 864-65. If Petitioner wishes to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Accordingly, the Court does not have jurisdiction, and the petition must be dismissed.

## III.

## CERTIFICATE OF APPEALABILITY

24 A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

28 (a) In a habeas corpus proceeding or a proceeding under section

> 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

///

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241;
2. The Clerk of Court is DIRECTED to enter judgment and terminate the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 24, 2015**

UNITED STATES MAGISTRATE JUDGE